**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  2:17CV4-WHA |
| | ) | |
| EARL JACKSON, BRITTANY JOHNSON, | ) | |
| JONATHAN JOHNSON, and AUSTIN | ) | |
| JOHNSON, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This cause us before the court on National Union Fire Insurance Company of Pittsburgh, Pa.'s ("National Union") Motion for Discharge of Further Liability and Dismissal With Prejudice (Doc. #31).

The Plaintiff filed this case asserting a claim for interpleader in connection National Union Policy (National Union Policy NO. SRG-009140974-A) benefits in the amount of $200,000.  National Union paid this amount and an amount representing applicable interest into the Registry of the court.  Each Defendant has filed an answer, and Brittany Johnson, Jonathan Johnson, and Austin Johnson ("the Johnson claimants") have filed a Motion for Summary Judgment against Earl Jackson.

National Union is a Pennsylvania corporation with its principal place of business in New York. All of the Defendants are citizens of Alabama. *See Am. Gen. Life Ins. Co. v. Jones*, No. CIV A 08-0211-WS-B, 2008 WL 4949847, at *1 n.3 (S.D. Ala. Nov. 13, 2008) (stating "[i]n rule interpleader actions that initially satisfy the diversity and amount-in-controversy requirements of § 1332, federal courts have continued to exercise jurisdiction after the dismissal of the stakeholder, even though the remaining parties (i.e., the claimants) are not diverse from each

other.").

Having established the existence of diversity subject matter jurisdiction, the court finds that National Union is due to be discharged from liability in this case.

The remaining issue, therefore, is how to realign the parties once National Union is discharged of its liability in this case. Federal courts are required to realign the parties in an action to reflect their interests in the litigation. *City of Vestavia Hills v. Gen. Fid. Ins. Co*., 676 F.3d 1310, 1313 (11th Cir. 2012). Where the parties' interests are the same, those parties must be aligned together. *Id.*

There is apparently no dispute that the interests of the Johnson claimants are the same, and that they should be aligned together on the opposite side from Earl Jackson. As noted, the Johnson claimants have filed a Motion for Summary Judgment. It appears to the court, therefore, that they should be realigned as Plaintiffs, but the court will give the remaining parties time in which to show cause why they ought not be so-aligned.

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion is GRANTED National Union is discharged in this case and DISMISSED with prejudice as Plaintiff.

2. The Interpleader Defendants are enjoined from instituting any state or federal action for the recovery of the proceeds under National Union Policy NO. SRG-009140974-A.

3. The Johnson claimants and Earl Jackson are given until **April 17, 2017** to show cause why they ought not be realigned with the Johnson claimants as Plaintiffs and Earl Jackson as Defendant.

DONE this 10th day of April, 2017.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE